Michael Glenn Huddleston v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-296-CR

Â Â Â Â Â MICHAEL GLENN HUDDLESTON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 282nd District Court
Dallas County, Texas
Trial Court # F98-41626S
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Huddleston appeals his conviction for possession of methamphetamine (4 grams or
more but less than 200 grams) for which he was sentenced to 10 years in the Texas Department
of Criminal Justice - Institutional Division, probated for 10 years and a $1000. fine.
Â Â Â Â Â Â Prior to trial, Appellant filed a motion to suppress evidence (the methamphetamine) which was
heard and denied by the trial court.
Â Â Â Â Â Â Thereafter, Appellant pled nolo contendere, signed a judicial confession that he possessed the
methamphetamine exactly as charged in the indictment, and preserved his right to appeal the denial
of his motion to suppress.
Â Â Â Â Â Â Appellant appeals on one point of error:
Â Â Â Â Â Â âThe trial court erred in overruling Appellantâs motion to suppress evidence because an
investigative stop must be based on articulable facts supporting suspicions of criminal activity.â
Â Â Â Â Â Â Determination of reasonable suspicion and probable cause are reviewed de novo on appeal,
looking at the totality of the circumstances, while giving deference to the fact findings of the trial
court. Guzman v. State, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997); Loserth v. State, 963
S.W.2d 770, 772 (Tex. Crim. App. 1998). Appellate courts should afford almost total deference
to a trial courtâs determination of the historical facts that the record supports, especially when the
trial courtâs findings are based on evaluation of credibility and demeanor. Id. When the trial
court does not make express findings of fact, the facts are viewed in the light most favorable to
the trial courtâs ruling. Loserth, p. 774.
Â Â Â Â Â Â Officer Stephen Davis first came in contact with Appellant during an unrelated traffic stop of
a motorist who had methamphetamine on his person. The motorist claimed that Appellant had
given him the methamphetamine. About ten days later, Officer Davis drove onto the parking lot
of the Total Truck Stop in Seagoville and saw a person sitting slouched down in a Porsche, under
an overhead light. Officer Davis drove around the parking lot and when he came back, he
recognized the person in the Porsche as Appellant. He remembered the motorist from the traffic
stop stating that he had received his drugs from Appellant. Appellant then pulled out of the lot
onto the service road and Officer Davis followed him. While Officer Davis followed, Appellant
made two turns without signaling. After Appellantâs second failure to signal, Officer Davis pulled
him over. When Officer Davis exited his vehicle to approach Appellant, he again noticed
Appellant slouching over in his vehicle. Officer Davis had concerns for his safety, so he called
for backup. Officer Honeycutt arrived at the scene. Officer Davis ran Appellantâs license and
discovered a past criminal history. At that point, Officer Davis requested Appellant to step out
of his car. The Officer then asked Appellant if he would consent to the search of his car. 
Appellant said, âYes.â Officer Honeycutt searched the vehicle and found a bottle with masking
tape around it, under a washcloth on the passenger seat. Officer Honeycutt asked Appellant if he
could open the bottle and Appellant said, âYes.â Inside the bottle was a powdery substance, later
identified as methamphetamine. Appellant was then Mirandized and arrested.
Â Â Â Â Â Â Appellant contends the police did not have specific articulable facts to warrant an investigative
stop of Appellant. Officer Davis, however, stopped Appellant based on his violation of the traffic
laws, and the drugs were discovered during a consensual search.
Â Â Â Â Â Â A driverâs failure to properly signal before making a turn provides an objective basis for an
officer to stop a vehicle. Tex. Transp. Code Â§ 545.104. Officer Davisâ stop of Appellant was
legal. The fact that Officer Davis may have thought Appellant was involved in criminal activity
when he stopped Appellant for the traffic violations does not render the stop improper. This was
not an investigative stop, but a stop based on traffic violations. Garcia v. State, 827 S.W.2d 937,
944 (Tex. Crim. App. 1992). Appellant consented to the search of his vehicle. The evidence
shows this consent was voluntary. Appellant did not present any evidence to rebut the
voluntariness of his consent.
Â Â Â Â Â Â The entirety of the evidence supports the trial courtâs denial of Appellantâs motion to
suppress.
Â Â Â Â Â Â Appellantâs point of error and all contentions made thereunder are overruled.
Â Â Â Â Â Â The judgment is affirmed.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Gray, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 21, 2001
Do not publish



Yes.

Â 

DEFENSE COUNSEL: And you went to the police to
report that you thought Al [Simpson] was there, correct?

Â 

WITNESS: Yes.

Â 

DEFENSE COUNSEL: The police came, and Al [Simpson]
wasnt there, was he?Â  

Â 

WITNESS: He was gone.

Â 

DEFENSE COUNSEL: So -- but -- well, my point is,
you saw shoes, but you didnÂt see Al [Simpson] that day; is that a fair
statement?

Â 

WITNESS: I seen -- I seen somebody laying back
there with no shirt on.

Â 

DEFENSE COUNSEL: When Ms. Gilliam asked you, you
said you saw shoes in the bedroom.

Â 

WITNESS: Yes.

Â 

DEFENSE COUNSEL: Okay.

Â 

WITNESS: It wasnÂt no womanÂs shoes; it was menÂs.

Â 

DEFENSE COUNSEL: But they were shoes. Â Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  In Page, the Court of Criminal
Appeals held that Â[i]dentity can be raised by defense cross-examination, such
as when the identifying witness is impeached on a material detail of the
identification.ÂÂ  Page, 137 S.W.3d at 78.Â  A material detail is Ârelevant
to the reliability of the identification.Â Â Id. at 79.Â  Â[D]efense
counselÂs cross-examination of the victim suggested that his 265 pound client
was not her 200 pound assailant.ÂÂ  Id. at 78.Â  This was sufficient to
raise the issue of identity.Â  See id. at 76.

Â Â Â Â Â Â Â Â Â Â Â  Defense counselÂs cross-examination
suggested that Simpson may not have been the man whose shoes S.S. observed in
A.S.Âs bedroom.Â  Given that A.S.Â refused to testify, whether the shoes
belonged to Simpson is a material detail of S.S.Âs identification of Simpson,
which defense counselÂs cross-examination called into question.[2]Â 
See Page, 137 S.W.3d at 78-79. Â As the Court of Appeals
questioned in Page, ÂIf it was not about identity, what was it about?ÂÂ  Id. at 79.

Accordingly, we cannot say that the trial court
abused its discretion by determining that the issue of identity was in dispute
or by including ÂidentityÂ as a purpose for the juryÂs consideration of
extraneous offense evidence.Â  We overrule SimpsonÂs first and second issues.Â  The
judgment is affirmed.

Â 

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 9, 2008

Do not publish

[CRPM]

Â 

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  Simpson does not challenge the
admissibility of this evidence.Â  Moreover, he did not object on Rule 403 or
Rule 404 grounds at the time this evidence was admitted.





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  A.S. refused to answer many of the
StateÂs questions regarding her relationship with Simpson and eventually left
the courtroom after stating that she would not answer the StateÂs questions.Â